## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

WILLIAM G. MAUPIN and WILLIAM G.  )
MAUPIN and KAREN S. MAUPIN,      )
Trustees of the WILLIAM G. MAUPIN   )
LIVING TRUST,                      )
                                     )
             Plaintiffs,       )
                                     )
         v.                  )     Case No. 21-cv-1162-JES-EIL
                                     )
BROCK DOYLE, in his individual capacity, )
SANDRA LESTER, and GARY LESTER,  )
                                     )
           Defendants.     )

## <u>ORDER AND OPINION</u>

This matter is now before the Court on the Partial Motion (Doc. 9) to Dismiss and

Memorandum (Doc. 10) in Support filed by Defendant Brock Doyle, Plaintiffs' Response (Doc.

14), and Defendant's Reply (Doc. 16), and the Partial Motion (Doc. 18) to Dismiss and

Memorandum (Doc. 19) in Support filed by Defendants Gary Lester and Sandra Lester and

Plaintiffs' Response (Doc. 20). For the reasons set forth below, Doyle's Motion (Doc. 9) is

GRANTED in part and DENIED in part and the Lesters' Motion (Doc. 18) is GRANTED in part

and DENIED in part.

### BACKGROUND

The following facts are taken from Plaintiffs' Complaint, which the Court accepts as true

for the purposes of a motion to dismiss. Doc. 1; *Bible v. United Student Aid Funds, Inc.*, 799 F.3d

633, 639 (7th Cir. 2015).

Plaintiff William G. Maupin ("Maupin"), through the William G. Maupin Living Trust

("the Trust"), owns a farm in Whitefield Township, Marshall County, Illinois ("the Maupin

Farm"), which is located on a public right-of-way road known as County Road 900 E. Doc. 1, ¶

1

1. Maupin actively farms the Maupin Farm. *Id.*, ¶ 23. He is the lifetime beneficiary of the Trust and he, along with his wife, Karen S. Maupin ("Mrs. Maupin"), are the Trustees of the Trust. *Id.*, ¶ 24-25. Pursuant to the terms of the Trust, the Trustees shall pay to Maupin all of the income and principal of the Trust as he may direct. *Id.*, ¶ 26. After Maupin's lifetime, the Trust will be for the benefit of Karen S. Maupin or various charities, depending upon decedent order. *Id.*, ¶ 27. The Maupin Farm is accessed on County Road 900 E. where it intersects with another public right-of-way road at County Road 1300 N., known as "Western Road." *Id.*, ¶ 2. Defendants Sandra Lester and Gary Lester ("the Lesters") own real property abutting Western Road and County Road 900 E. on which plants, landscaping, and other matter exist within the public right-of-way for County Road 900 E. *Id.*, ¶ 3. Defendant Brock Doyle ("Doyle") is the Highway Commissioner for Whitefield Township, where the properties at issue are located. *Id.*, ¶ 4.

In 2018, Maupin asked Doyle for permission to place gravel, trim trees and brush, and do other work to make the public right-of-way for County Road 900 E. usable to its publicly dedicated width. *Id.*, ¶¶ 4, 50. Doyle granted the request. *Id*. After learning of Maupin's intentions, the Lesters terminated Maupin's lease to farm their property. *Id.*, ¶ 5. Doyle then received the lease to farm the Lesters' property. *Id.*, ¶ 6. After Doyle received the farming lease, he rescinded the permission he granted to Maupin to make County Road 900 E. usable to its publicly dedicated width and refused to consent to a survey at Maupin's expense to demarcate the public right-of-way dedication for County Road 900 E. at the intersection. *Id.*, ¶¶ 7-8. Doyle has refused to enforce the public right-of-way for County Road 900 E. despite his obligation to do so as Commissioner. *Id.*, ¶ 9. Maupin claims Doyle refuses to perform his official duties with respect to County Road 900 E. because he personally profits from farming the Lesters' property and the Lesters do not want the public right-of-way enforced next to their property. *Id.*, ¶ 10. The

value of the Maupin Farm has been reduced because of Doyle's refusal to enforce the public right-of-way and allowing the Lesters to use the public right-of-way for their own personal use, as access to and from the Maupin farm is inhibited. *Id.*, ¶ 11.

Based on the above, Plaintiffs Maupin and Maupin and Mrs. Maupin, as Trustees of the Maupin Trust, filed a ten-count Complaint alleging that the actions of Doyle and the Lesters have violated Maupin's rights under the United States Constitution and Illinois law. These Counts are based on Section 1983 - Substantive and Procedural Due Process (Counts I-IV), the Public Corruption Profit Forfeiture Act (Counts V-VI), Section 1985 - Conspiracy (Counts VII-VIII), and common law nuisance (Counts IX-X). All of the Counts are pled in the alternative, in that, they are either brought by Maupin as an individual (Counts I, III, V, VII, IX) or by the Trustees (Counts II, IV, VI, VIII, X), but the facts are the same. For example, Counts VII and VIII for conspiracy are factually identical but Count VII is brought by Plaintiff Maupin while Count VIII is brought by the Trustee Plaintiffs.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements

of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

DISCUSSION

## I.      Article III Standing

Counts I through IV are all Section 1983 claims for due process violations: Maupin brings Counts I and III while the Trustees bring Counts II and IV. In his Motion, Doyle urges the Court to dismiss Counts I and III of the Complaint because the Trust owns the Maupin Farm while Maupin himself is only a beneficiary of the trust. Doc. 10, at 2. Therefore, Maupin does not have Article III standing to bring his Section 1983 claims—only the trustees do. *Id.* at 2-3 (citing *Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990); *Heyde v. Pittenger*, No. 07-cv-182, 2008 WL 11463548, at *3 (C.D. Ill. July 3, 2008), *aff'd*, 633 F.3d 512 (7th Cir. 2011)). In their Response, Plaintiffs argue Maupin has standing to sue for his due process violations due to the unique circumstances of this case because he possesses the Maupin Farm, he controls the revocable trust, and his personal rights were violated. Doc. 14, at 6. In his Reply, Doyle does not respond to Plaintiffs' arguments regarding the development in Illinois trust law. Rather, Doyle asserts Plaintiffs have pled themselves out of court with respect to Counts II and IV brought by the Trustees because Plaintiffs now claim only Maupin has standing for his Section 1983 claims. Doc. 16, at 2. Defendant's point is well-taken.

As the Party invoking federal jurisdiction, Plaintiffs bear the burden of establishing Article III standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). To establish standing, Plaintiffs must show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). The "invasion of a legally protected interest" must be "concrete and particularized," which "affects the plaintiff in a personal and individual way." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000); *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018).

Here, Plaintiffs admit they have no legal authority for the proposition that the Trustees can sue to enforce the beneficiary's constitutional due process rights here, then proclaim Maupin's due process rights flows through him, not the property. Doc. 14, at 5 (citing *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552 (1972)). As discussed later in this Opinion, Plaintiffs also assert where all control rests with the settlor, as here, the trustees in a revocable trust have no authority to sue on behalf of a beneficiary. Considering Plaintiffs have the burden to demonstrate standing, their Response brief concedes the Trustees do not have standing for the due process claims, and it is not the Court's job to research the law to support a litigant's argument, the Court finds it is proper to dismiss Counts II and IV brought by the Trustees. *See United States v. Papia*, 910 F.2d 1357, 1363 (7th Cir. 1990) (discussing waiver); *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him."). However, for the reasons stated below, Maupin, individually, may still bring his due process claims.

Plaintiffs spend the remainder of their brief arguing, rather than the Trustees, Maupin has standing; their argument is persuasive. Moreover, a plaintiff is the master of his own complaint. *See Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). According to

Plaintiffs, the Maupin Trust is revocable, and Maupin retains the right to revoke the trust. Doc. 14, at 2 (citing Ex. 1, at 1-1). Maupin is both the settlor and beneficiary of the trust, while Maupin and Mrs. Maupin, are the trustees. *Id.*; Doc. 1, ¶ 25. Plaintiffs agree that Defendants' position that only the trustees have standing would normally be correct, but for the unique circumstances of this case and Illinois' recent modernization of its trust law in 2020 by enacting Illinois Trust Code, 760 ILCS 3/101 *et. seq*.

Plaintiffs appear to refer to Illinois' adoption of the Uniform Trust Code in place of the Illinois Trust and Trustees Act and other Illinois statutes related to trusts, which was codified as the Illinois Trust Code, 760 ILCS 3/101 *et. seq* ("ITC"). *See* Jumping on the Bandwagon: Illinois Adopts the Uniform Trust Code, 34-APR Prob. & Prop. 51 (2020). However, some aspects of the ITC only apply prospectively i.e. trusts that became irrevocable on or after January 1, 2020 or revocable trusts where the trustee accepted the trusteeship on or after that date. *Id.*; (citing 760 ILCS 3/813.1(a)). The plain language of Section 603 describing a settlor's powers does not contain that limitation to post-ITC revocable trusts. "To the extent a trust is revocable, and the settlor personally has capacity to revoke the trust, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor." 760 ILCS 3/603(b). Plaintiffs interpret the statute to mean if the settlor has total control to modify or destroy the revocable trust, the beneficiaries essentially have no enforceable rights and the usual trustee control of the beneficiaries rests with the settlor instead. Doc. 14, at 3-4. Therefore, Maupin has standing to sue because the trust exists solely for his benefit and he is both the settlor and beneficiary.

Plaintiffs also support their position that Maupin has standing by citing to the Restatement which allows a beneficiary to maintain a proceeding related to the trust or its

property if the beneficiary is in possession of the trust property involved. Restatement (Third) of Trusts § 107 (2012); *Lanna Overseas Shipping, Inc. v. City of Chicago*, No. 96 C 3373, 1997 WL 587662, at *5 (N.D. Ill. Sept. 18, 1997) (citing *American National Bank & Trust Co. v. Ryan*, 106 Ill.App.3d 434 (1st Dist. 1982)). Therefore, because Maupin is in possession of the Maupin Farm, he has standing. This position seems to conflict with Plaintiffs' later assertion that Maupin is vindicating his own rights and the Maupin trust's only connection is that it holds the property which is associated with Maupin having to deal with the corrupt actions of Doyle. Doc. 14, at 5 (citing *Lynch*, 405 U.S. at 552). Those corrupt actions of Doyle revoking his approval of Maupin's proposal due to personal interest are the basis for the due process claims. All of the due process counts describe violations of "Maupin's rights." Regardless, at this stage, Maupin has shown that he suffered an invasion of his constitutional right to due process which affects him in a personal and individual way. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 498 (7th Cir. 2005) ("A motion to dismiss for lack of standing should not be granted unless there are no set of facts consistent with the complaint's allegations that could establish standing.") (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In conclusion, Doyle's Motion is granted to the extent Counts II and IV are dismissed and denied as to Counts I and III, which remain.

## II.    Section 1985

In their Motion to Dismiss, the Lesters attack Counts VII and VIII on grounds that Section 1985 conspiracies among a private person and a public official cannot be predicated on an alleged due process violation. Doc. 19, at 3-5. Plaintiffs concede this issue by asking to amend their Complaint to restate the conspiracy counts under Section 1983 instead of Section 1985. Doc. 20, at 2-3. Plaintiffs further state the underlying facts have already been set forth in the

Complaint, therefore little would change. Based on the Parties' submissions, the Lesters' Motion is granted to the extent Plaintiffs' Section 1985 claims are dismissed with prejudice. Plaintiffs are granted leave to restate the conspiracy counts under Section 1983.

### III.   Public Nuisance

According to the Lesters, Plaintiffs have pled themselves out of court with respect to their public nuisance claim in Counts IX and X because they fail to allege an injury that is shared by the general public. Doc. 19, at 6. Rather, Plaintiffs only allege a harm that is unique to Maupin – his farm is less valuable due to the obstructed public right-of-way. *Id.* at 7 (citing Doc. 1, ¶¶ 136, 140). In their Response, Plaintiffs argue that they have sufficiently pled both a public and private nuisance claim, which is recognized by Illinois law. Doc. 20, at 3-5. There is no substantive difference between a public and private nuisance claim here because the damages are the same in that damages are only available for their public nuisance if there is a private nuisance as well. *Id.* at 5. The public harm Maupin also suffers is that he must deal with the Lesters' property encroaching into the right-of-way when he travels on the road. *Id*. The different, private harm Maupin suffers as a landowner and business owner is that operating the farming business has become unreasonably burdensome, inconvenient, and unsafe and the value of the farm has been reduced. *Id*.

The Court finds Plaintiffs' arguments and supporting caselaw convincing. For much of their argument, Plaintiffs rely on the Second Restatement of Torts. As stated in a case cited by Defendants, *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1111 (Ill. 2004), the Restatement's definitions for public and private nuisance are consistent with Illinois law. "A public nuisance is an unreasonable interference with a right common to the general public." Restatement (Second) of Torts § 821B (1979). Four elements are necessary to pled a public

nuisance claim in Illinois: the existence of a public right, a substantial and unreasonable interference with that right by the defendant, proximate cause, and injury. *Beretta*, 821 N.E.2d at 1113. "A private nuisance is a substantial [and unreasonable] invasion of another's interest in the use and enjoyment of his or her land." *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 204, 680 N.E.2d 265, 277 (1997). Defendants only attack whether Plaintiffs have alleged a harm to a public right as opposed to a private one. A public right is collective in nature and it includes the rights of health, safety, peace, comfort, and convenience. *Id.* at 1114-115 (citing Restatement (Second) of Torts §§ 821B, Comment g, at 92, 821B(2)(a); *Helping Others Maintain Envtl. Standards v. Bos*, 941 N.E.2d 347 (Ill. App. Ct. 2010)).

  The Complaint alleges the Lesters have placed landscaping, decorations, and other items and allowed trees and other vegetation to grow within the dedicated public right-of-way for County Road 900 E. Doc. 1, ¶¶ 46-47. These obstructions have been allowed, created, and maintained by the Lesters within the public right-of-way and in violation of Illinois law. *Id.*, at ¶ 134. Plaintiffs claim the general public has a common right to the unimpeded access to the full dedication of County Road 900 E. *Id.*, at ¶ 135. Traditionally, public nuisance has covered a broad range of subjects including the public inconvenience of "obstructing a highway or a navigable stream, or creating a condition which makes travel unsafe or highly disagreeable[.]" *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 771 (7th Cir. 2011). The pleading requirements for a public nuisance are not strenuous because the "concept of common law public nuisance eludes precise definition." *In re StarLink Corn Prod. Liab. Litig.*, 212 F. Supp. 2d 828, 848 (N.D. Ill. 2002) (quoting *Gilmore v. Stanmar, Inc.*, 633 N.E.2d 985, 993 (Ill. App. Ct. 1994)); *Mercury Skyline Yacht Charters v. Dave Matthews Band, Inc.*, No. 05 C 1698, 2005 WL 3159680, at *11 (N.D. Ill. Nov. 22, 2005). At minimum, the impeded access to the public right-

of-way caused by the Lesters' alleged obstructions infringe on the public right to convenience.

Defendants do not provide an argument to the contrary. *See also Gilmore*, 633 N.E.2d at 993

(holding the plaintiffs adequately pled a common law nuisance claim by alleging the defendants

unreasonably and significantly interfered with the public's right to safety and to use the public

street when they negligently placed a canopy six feet into the public street).

Plaintiffs' public nuisance claim also incorporates a private nuisance or special harm

aspect. Plaintiffs provide support for their position through Illinois cases and commentary from

the Restatement. "A plaintiff may recover damages in an individual action for public nuisance

only if he 'suffered harm of a kind different from that suffered by other members of the public

exercising the right common to the general public that was the subject of interference.'" *Beretta*,

821 N.E.2d at 1138 (citing Restatement (Second) of Torts § 821C). *See also Young v. Bryco

Arms*, 821 N.E.2d 1078, 1083 (Ill. 2004) (noting § 821C is consistent with Illinois law).

Additionally, comment (e) in Section 821C of the Restatement notes,

> When the nuisance, in addition to interfering with the public right, also interferes
> with the use and enjoyment of the plaintiff's land, it is a private nuisance as well as
> a public one. In this case the harm suffered by the plaintiff is of a different kind and
> he can maintain an action not only on the basis of the private nuisance itself, but
> also, if he chooses to do so, on the basis of the particular harm from the public
> nuisance.

Restatement (Second) of Torts, § 821C. *See e.g.*, *Willmschen v. Trinity Lakes Improvement Ass'n*,

840 N.E.2d 1275, 1283 (Ill. App. Ct. 2005) (applying comment (e) to find the plaintiffs had

standing to sue under a public nuisance theory).

Here, the Complaint alleges that the value of the Maupin Farm has been damaged

because the Lesters' public right-of-way violations inhibit access by large machinery that is

necessary to Maupin's farming operation. Doc. 1, ¶ 32-44, 140-41. Plaintiffs explain that this

harm is different from the general public because the public does not suffer property damage

10

simply by encountering the roadway obstruction and Maupin's injury is based on his status as a landowner and business owner. Doc. 20, at 5. Defendants do not address whether this devaluation can be a "special harm," but it is clear the alleged harm is "not merely a difference in severity or imposing a disproportionate share of the burden on plaintiffs." *In re StarLink Corn Prod. Liab. Litig.*, 212 F. Supp. 2d at 848 (holding farmers sufficiently stated a private action for a public nuisance claim by alleging both a public food supply contamination (public harm) and damages to the farmers' fields, grain supply, and crop sales (private harm)). In sum, contrary to Defendants' submission, Plaintiffs sufficiently alleged a harm that was public in nature and did not plead themselves out of court by including an additional harm to Maupin in their pleading. Therefore, Defendants' Motion is denied as to the public nuisance claim in Counts IX and X.

## CONCLUSION

For the reasons set forth above, Doyle's Motion (Doc. 9) is GRANTED in part and DENIED in part and the Lesters' Motion (Doc. 18) is GRANTED in part and DENIED in part. Counts II, IV, VII, and VIII are dismissed and Plaintiffs are granted leave to file an amended complaint consistent with this Order by March 7, 2022.


Signed on this 14th day of February, 2022.

s/James E. Shadid
James E. Shadid
United States District Judge

11